SEALED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 MAR 20 PM 3:03
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| UNITED STATES OF AMERICA, | § | CRIMINAL NO. A12CR 105 SS |
|---|---|---|
| Plaintiff, | § | INDICTMENT |
| v. | § | [Violation: Count 1: 18 U.S.C. § 1956(h) - Conspiracy to Launder Monetary Instruments (Hussein Ali Yassine, Marisse Marthe Ruales, and Hadi Ali Yassine); Count 2: 18 U.S.C. § 1956(a)(3)(B) - Money Laundering (Marisse Marthe Ruales and Mohammed Ali Yassine); Counts 3-4: 18 U.S.C. § 1956(a)(3)(B) - Money Laundering (Hussein Ali Yassine, Marisse Marthe Ruales, and Hadi Ali Yassine); Count 5: 18 U.S.C. § 1956(a)(3)(B) - Money Laundering (Hussein Ali Yassine and Marisse Marthe Ruales)] |
| HUSSEIN ALI YASSINE, a/k/a "Mike," MARISSE MARTHE RUALES, a/k/a "Madi," HADI ALI YASSINE, and MOHAMMED ALI YASSINE, a/k/a "Steve," a/k/a "Steve Austin," | § | |
| Defendants. | § | |

THE GRAND JURY CHARGES:

<u>COUNT 1</u>
[18 U.S.C. § 1956(h), (a)(1)(B)(i)]

From in or about October 2008, until the date of this indictment, in Austin, Texas, within the Western District of Texas, the defendants: **HUSSEIN ALI YASSINE, a/k/a "Mike," MARISSE MARTHE RUALES, a/k/a "Madi," and HADI ALI YASSINE** did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions the defendants believed involved the proceeds of

specified unlawful activity, to wit, Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(B)(i), and 2.

## COUNT 2
## [18 U.S.C. § 1956(a)(3)(B)]

On or about September 19, 2008, in Austin, Texas, within the Western District of Texas, defendants **MARISSE MARTHE RUALES, a/k/a "Madi," and MOHAMMED ALI YASSINE, a/k/a "Steve," a/k/a "Steve Austin,"** with the intent to disguise the nature, location, source, ownership, and control of property, to wit, $6,000 in United States Currency, represented by a law enforcement officer, to wit, a cooperating witness acting at the direction of the Federal Bureau of Investigation, to be the proceeds of specified unlawful activity, to wit, the trafficking of narcotics in violation of Title 21, United States Code, Sections 841(a)(1) and 846, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving such property.

In violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 3
## [18 U.S.C. § 1956(a)(3)(B)]

On or about October 10, 2008, in Austin, Texas, within the Western District of Texas, defendants **HUSSEIN ALI YASSINE, a/k/a "Mike," MARISSE MARTHE RUALES, a/k/a "Madi," and HADI ALI YASSINE** with the intent to disguise the nature, location, source,

ownership, and control of property, to wit $8,500 in United States Currency, represented by a law enforcement officer, to wit, a cooperating witness acting at the direction of the Federal Bureau of Investigation, to be the proceeds of specified unlawful activity, to wit, the trafficking of narcotics in violation of Title 21, United States Code, Sections 841(a)(1) and 846, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving such property.

In violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 4
[18 U.S.C. § 1956(a)(3)(B)]

On or about April 30, 2009, in Austin, Texas, within the Western District of Texas, defendants **HUSSEIN ALI YASSINE, a/k/a "Mike," MARISSE MARTHE RUALES, a/k/a "Madi," and HADI ALI YASSINE** with the intent to disguise the nature, location, source, ownership, and control of property, to wit, $100,000 in United States Currency, represented by a law enforcement officer, to wit, a cooperating witness acting at the direction of the Federal Bureau of Investigation, to be the proceeds of specified unlawful activity, to wit, the trafficking of narcotics in violation of Title 21, United States Code, Sections 841(a)(1) and 846, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving such property.

In violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 5
[18 U.S.C. § 1956(a)(3)(B)]

On or about June 24, 2009, in Austin, Texas, within the Western District of Texas, defendants **HUSSEIN ALI YASSINE, a/k/a "Mike" and MARISSE MARTHE RUALES, a/k/a**

**"Madi,"** with the intent to disguise the nature, location, source ownership, and control of property, to wit $100,000 in United States Currency represented by a law enforcement officer, to wit, a cooperating witness acting at the direction of the Federal Bureau of Investigation, to be the proceeds of specified unlawful activity, to wit, the trafficking of narcotics in violation of Title 21, United States Code, Sections 841(a)(1) and 846, did knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving such property.

In violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Money Laundering Forfeiture Statutes and Violations
[18 U.S.C. §§ 1956(h), (a)(1)(B)(i) and (a)(3)(B), and subject
to forfeiture pursuant to 18 U.S.C. § 982(a)(1).  *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violations as set forth in Counts One (1) through Five (5) of the indictment, which are punishable by imprisonment for more than one year, **DEFENDANTS HUSSEIN ALI YASSINE, MARISSE MARTHE RUALES, HADI ALI YASSINE, and MOHAMMED ALI YASSINE** shall forfeit all right, title, and interest in the below-described property to the United States, pursuant to 18 U.S.C. 982(a)(1), which states the following:

> **18 U.S.C. § 982(a)(1).**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand of Forfeiture includes, but is not limited to, the property described in paragraph II:

### II.
### Money Judgment - $214,500.00

As a result of the foregoing criminal violations as set forth in Counts One (1) through Five (5) of the indictment, which are punishable by imprisonment for more than one year, **DEFENDANTS HUSSEIN ALI YASSINE, MARISSE MARTHE RUALES, HADI ALI YASSINE, and MOHAMMED ALI YASSINE** shall forfeit all right, title, and interest to the United States, pursuant to 18 U.S.C. 982(a)(1), the following described Money Judgment of Forfeiture:

A sum of money equal to two-hundred-and-fourteen thousand five-hundred dollars in United States currency ($214,500.00), which represents property involved in the above-described offenses and/or property traceable to such property and for which DEFENDANTS HUSSEIN ALI YASSINE, MARISSE MARTHE RUALES, HADI ALI YASSINE, and MOHAMMAD ALI YASSINE are jointly and severally liable.

### III.
### Substitute Assets

If the money judgments described in paragraph II, as a result of any act or omission of

**DEFENDANTS HUSSEIN ALI YASSINE, MARISSE MARTHE RUALES, HADI ALI YASSINE, and MOHAMMED ALI YASSINE**:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek the forfeiture of any other property owned by said defendants up to the value of the money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

JOHN E. MURPHY
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY CONFERRED BY 28 U.S.C. §515

By: _____
GREGG N. SOFER
Assistant U. S. Attorney