**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. A-12-CR-105 SS** |
| | ) | |
| **HUSSEIN ALI YASSINE (1),** | ) | |
| **MARISSE MARTHE RUALES (2),** | ) | |
| **HADI ALI YASSINE (3),** | ) | |
| **MOHAMMED ALI YASSINE (4),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## THE UNITED STATES OF AMERICA'S REQUESTED JURY INSTRUCTIONS

The United States of America, by and through the undersigned Assistant United States Attorney, files these requested jury instructions for the Court's consideration. Non-pattern instructions, pattern instructions requiring detailed information, and pattern instructions that have been slightly altered are listed below in bold and in full below the list. The United States requests the following instructions:

1.      Duty to Follow Instructions: *Fifth Circuit Pattern Jury Instructions* § 1.04.

2.      Presumption of Innocence:  *Fifth Circuit Pattern Jury Instructions* § 1.05.

3.      Evidence-Excluding What is Not Evidence: *Fifth Circuit Pattern Jury Instructions* § 1.06.

4.      Evidence - Inferences - Direct and Circumstantial:  *Fifth Circuit Pattern Jury Instructions* § 1.07.

5.      **Stipulated Facts: *First Circuit Pattern Jury Instructions* § 2.01.**

6.      **Stipulated Testimony: *Eighth Circuit Pattern Jury Instructions* § 2.00.**

7.      Credibility of Witnesses:  *Fifth Circuit Pattern Jury Instructions* § 1.08.

8.      **Defendant Testifies (if applicable).**

9.      Accomplice–Co-Defendant–Plea Agreement: *Fifth Circuit Pattern Jury Instructions* § 1.15.

10.     Witness's Use of Addictive Drugs: *Fifth Circuit Pattern Jury Instructions* § 1.16.

**11.     Expert Witness: *Fifth Circuit Pattern Jury Instructions* § 1.17.**

**12.     On or About and Exact Dates and Amounts: *Fifth Circuit Pattern Jury Instructions* § 1.18.**

**13.     Venue.**

14.     Caution - Consider Only Crime Charged: *Fifth Circuit Pattern Jury Instructions* § 1.19.

15.     Caution - Punishment: *Fifth Circuit Pattern Jury Instructions* § 1.20.

16.     Multiple Defendants–Multiple Counts: *Fifth Circuit Pattern Jury Instructions* § 1.23

17.     Duty to Deliberate: *Fifth Circuit Pattern Jury Instructions* § 1.24.

**18.     "Knowingly" - To Act: *Fifth Circuit Pattern Jury Instructions* § 1.37.**

**19.     Intent-Inference.**

20.     Interstate Commerce - Defined: *Fifth Circuit Pattern Jury Instructions* § 1.39.

21.     Commerce - Defined: *Fifth Circuit Pattern Jury Instructions* § 1.41.

**22.     Foreign Language Recordings/Transcripts in English: *Seventh Circuit Pattern Jury Instructions* § 3.18.**

**23.     Aiding and Abetting: *Fifth Circuit Pattern Jury Instructions* § 2.06.**

**24.     Conspiracy: *Fifth Circuit Pattern Jury Instructions* § 2.20.**

**25.     Laundering Monetary Instruments: *Fifth Circuit Pattern Jury Instructions* § 2.76**

**26.     Conspirator's Liability for Substantive Count: *Fifth Circuit Pattern Jury Instructions* § 2.22.**

**27.     Laundering of Monetary Instruments: *Fifth Circuit Pattern Jury Instructions* § 2.77.**

## NO. 5: STIPULATED FACTS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the Government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose**.**

---

This instruction is based on *First Circuit Pattern Jury Instruction* § 2.01.

## NO. 6: STIPULATED TESTIMONY

The Government and the defendants have stipulated—that is, they have agreed—that if certain witnesses were called as witnesses they would testify in the way counsel stated. You should accept the stipulation read into the record as testimony, just as if it had been given here in court from the witness stand.

---

This instruction is based on *Eighth Circuit Pattern Jury Instruction* § 2.00. The pattern is designed to be read after the stipulation is read into the record. The version above has been altered so that it can be read as part of the final charge. Proposed Instruction No. 5, Stipulated Facts, is drafted to be read at the conclusion of the trial. So, for consistency, the United States proposes reading this one at the end of trial as well.

## NO. 8: DEFENDANT TESTIFIES

A defendant in a criminal case has a perfect right to either testify as a witness in the case or to decline to do so.  In weighing his testimony, where such defendant has testified, you should apply the same principles by which the testimony of the other witnesses is tested, including the witnesses called by the Government.

Now, that necessarily involves the consideration of the interest the defendant has in the outcome of the case.  You may also consider the interest or want of interest of any of the other witnesses, if it appears from the trial.  You are entitled to take into consideration the fact that the defendant has a very keen personal interest in the result of your verdict.  An accused person, having taken the witness stand, is before you just like any other witness.  He is entitled to the same consideration and must have his testimony measured in the same way as any other witness, including his interest in the outcome of the case.

_____

*United States v. Walker*, 710 F.2d 1062, 1070 (5th Cir. 1983).
*United States v. Ylda,* 643 F.2d 348 (5th Cir. 1981).
*United States v. Jones,* 587 F.2d 802, 806 (5th Cir. 1979).
*United States v. Haney*, 429 F.2d 1282 (5th Cir. 1970).

## NO. 11: EXPERT WITNESSES

During the trial you heard the testimony of Basam Aourani and Thunhi D. Barrus who expressed opinions concerning foreign language translation. You also heard the testimony of Special Agent James Neff who expressed opinions concerning certain banking practices and narcotics trafficking terms and concepts. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## NO. 12: ON OR ABOUT AND EXACT DATES AND AMOUNTS

You will note that the indictment charges that the offense was committed "on or about" a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.  The Government is also not required to prove the exact amount of a financial transaction as long as it proves beyond a reasonable doubt that the amounts of the financial transactions are reasonably similar to the amounts stated in the indictment.

_____

*Fifth Circuit Pattern Jury Instruction* § 1.18.
*United States vs. Paul Adams Rush,* Cause No. A-05-CR-32 (SS).
*United States v. Robert Sterling Miller*, Cause No. A-05-CR-247 (SS).
*United States v. Macedo,* 406 F.3d 778, 787 (5th Cir. 2005).
*United States v. Field,* 875 F.2d 130, 133-134 (5th Cir. 1989).
*United States v. Cina,* 699 F2d 853, 857 (7th Cir. 1983).

## NO. 13: VENUE

You are instructed that Austin, Texas lies  within the Western District of Texas.

---

Title 28, United States Code § 124(d)(1).

## <u>NO.  18: KNOWINGLY - TO ACT</u>

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

## NO.  19: INTENT-INFERENCE

"It is reasonable to infer that a person ordinarily intends the natural and probable consequences of his or her knowing acts.  The jury may draw the inference that the accused intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission.  Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that a defendant possessed the required criminal intent."

---

*United States v.Chiantese,* 560 F.2d 1244, 1255-56 (5th Cir.  1977) (en banc).
*United States v. Kimmel*, 777 F.2d 290 (5th Cir. 1985).
*United States v. Hausmann*, 711 F.2d 615 (5th Cir. 1983).

## NO. 22: FOREIGN LANGUAGE RECORDINGS/TRANSCRIPTS IN ENGLISH

Among the exhibits admitted during the trial were recordings that contained conversations in the French and Arabic languages. You were also provided with English transcripts of those conversations. The transcripts were provided to you by the government so that you could consider the content of the conversations on the recordings.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

---

This proposed instruction comes directly from *Seventh Circuit Pattern Jury Instruction* § 3.18.  The United States submits this instruction instead of *Fifth Circuit Pattern Jury Instruction* § 1.42, which also relates to transcripts of recorded conversations, because the Seventh Circuit instruction is better suited to the facts of the instant case.

## NO. 23: AIDING AND ABETTING

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First:* | That the offense of Conspiracy to Commit Money Laundering or the offense of Money Laundering, as described in each count of the indictment was committed by some person; |
| *Second:* | That the defendant associated with the criminal venture; |
| *Third:* | That the defendant purposefully participated in the criminal venture; and |
| *Fourth:* | That the defendant sought by action to make that venture successful. |

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.  This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## NO. 24: CONSPIRACY TO LAUNDER MONEY
### Count One

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire with someone else to commit the offense of money laundering.

Defendants Hussein Yassine (1), Marisse Marthe Ruales (2), and Hadi Ali Yassine (3) are charged with conspiring to Commit Money Laundering in Count One.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of Money Laundering as charged in the indictment; and

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in

accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.[1]

---

This instruction is similar to *Fifth Circuit Pattern Jury Instruction* § 2.20 except that it references 18 U.S.C. § 1956(h) and does not require an overt act as an element of proof.  The United States is not required to prove an overt act under 18 U.S.C. § 1956(h).  *See Whitfield v. United States*, 543 U.S. 209, 219 (2005) ("For the reasons set forth above, we hold that conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy.").

## NO. 25: LAUNDERING MONETARY INSTRUMENTS
### Count One

Title 18, United States Code, Section 1956(a)(1)(B)(i), makes it a crime for anyone knowingly to use the proceeds of certain illegal activity to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly conducted or attempted to conduct a financial transaction;

*Second*: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely trafficking of narcotics;

*Third*: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*: That the defendant knew that the transaction was designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds.

With respect to the second element, the government must show that in fact the defendant believed that property was the proceeds of trafficking in narcotics, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction was the proceeds of some kind of crime that is a felony under federal or state law, although it is not necessary to show that the defendant knew exactly what crime generated the funds. I instruct you that trafficking narcotics under 21 U.S.C. §§ 841 and 846 is a felony.

The term "transaction" includes a transfer, delivery, or other disposition, and with respect

to a financial institution, includes a deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects interstate or foreign commerce, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

---

The definition of proceeds in the last paragraph comes from 18 U.S.C. § 1956(c)(9), which was enacted on May 20, 2009 as a reaction to the plurality opinion in *United States v. Santos*, 553 U.S. 507 (2008).  The conspiracy alleges a time frame from October 2008 to the time of the indictment.  This definition clearly applies to any money laundering activity that occurred after May 20, 2009.  As explained below, the use of this definition is appropriate for all of Count One.

In interpreting *Santos*, the Fifth Circuit made it clear that the *Santos* plurality defined money laundering proceeds as "profits" to prevent merger problems.  *Garland v. Roy*, 615 F.3d 391, 403–04 (5th Cir. 2010).  Specifically, the Court was concerned about punishing the same conduct as both the predicate crime and the money laundering offense.  *Id.*  In the end, the Fifth Circuit created a two-part test looking first to see if there is a merger problem and second to see if legislative history requires proof of "profits" as opposed to "gross receipts."

In the instant case, the face of the indictment shows that there are no merger issues.  The predicate crimes here, possession with intent to distribute a controlled substance and conspiracy to

distribute a controlled substance, are not substantively charged in the indictment, thus there is no merger problem.  Likewise, there is no legislative history suggesting that proceeds means "profits" under 18 U.S.C. § 1956.  *Garland*, 615 F.3d at 402.

### NO. 26: CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found  Hussein Yassine (1), Marisse Marthe Ruales (2), or Hadi Ali Yassine (3) guilty of the conspiracy charged in Count One, and if you find beyond a reasonable doubt that during the time that defendant was a member of that conspiracy, another conspirator committed the relevant offenses in **Counts 3 through 5** in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of the relevant offenses in **Counts 3 through 5** even though the defendant may not have participated in any of the acts which constitute the offenses described in **Counts 3 through 5.**

## NO. 27: LAUNDERING MONETARY INSTRUMENTS
### Counts Two through Five

Title 18, United States Code, Section 1956(a)(3), makes it a crime for anyone knowingly to use property represented to be proceeds of certain illegal activity to conceal the nature, location, source, ownership, or control of the proceeds.

For you to find the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly conducted or attempted to conduct a financial transaction;

*Second*: That the financial transaction involved property represented to be the proceeds of a specified unlawful activity, namely the trafficking of narcotics; and

*Third*: That the defendant intended to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, namely the trafficking of narcotics.

The term "transaction" includes a transfer, delivery, or other disposition, and with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects interstate or foreign commerce, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected.

All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a federal official authorized to investigate or prosecute violations of this section. The evidence need not show that the property involved was expressly described as being the proceeds of specified unlawful activity at or before each transaction. It is sufficient if the government proves that the officers, or another person at the direction of the officers, made enough representations to cause a reasonable person to understand that the property involved in the transaction(s) was the proceeds of trafficking of narcotics, which is the specified unlawful activity named in the indictment.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

---

The definition of proceeds in the last paragraph comes from 18 U.S.C. § 1956(c)(9), which was enacted on May 20, 2009 as a reaction to the plurality opinion in *United States v. Santos*, 553 U.S. 507 (2008).  This definition clearly applies to the money laundering alleged in **Count Five** which occurred after May 20, 2009.  As explained below, the use of this definition is also appropriate for **Counts Three through Four**, which occurred before May 20, 2009.

In interpreting *Santos*, the Fifth Circuit made it clear that the *Santos* plurality defined money laundering proceeds as "profits" to prevent merger problems.  *Garland v. Roy*, 615 F.3d 391, 403–04 (5th Cir. 2010).  Specifically, the Court was concerned about punishing the same conduct as both the predicate crime and the money laundering offense.  *Id.*  In the end, the Fifth Circuit created a two-part test looking first to see if there is a merger problem and second to see if legislative history requires proof of "profits" as opposed to "gross receipts."

In the instant case, the face of the indictment shows that there are no merger issues.  The predicate crimes here, possession with intent to distribute a controlled substance and conspiracy to

distribute a controlled substance, are not substantively charged in the indictment, thus there is no merger problem.  Likewise, there is no legislative history suggesting that proceeds means "profits" under 18 U.S.C. § 1956.  *Garland*, 615 F.3d at 402.

Leave is also requested to submit additional instructions if, during the course of the proceeding, they become appropriate.

Respectfully submitted,


JOHN E. MURPHY
Attorney for the United States,
Acting Under the Authority
Conferred by 28 U.S.C., §515


By: /s/  Gregg N. Sofer
Gregg N. Sofer
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel:  (512) 916-5858
Fax: (512) 916-5855
NY Bar #106209

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2012, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

David L. Botsford
Botsford & Roark
1307 West Avenue
Austin, TX 78701
(512)479-8030
512/479-8040 (fax)
(Attorney for Hussein Ali Yassine (1))

E. G. Morris
Law Office of E.G. Morris
608 West 12th Street
Suite B
Austin, TX 78701
(512)478-0758
512/478-0784 (fax)
(Attorney for Hadi Ali Yassine (3))

Stephen M. Orr
Orr & Olavson
804 Rio Grande
Austin, TX 78701
(512) 472-8392
512/473-8417 (fax)
(Attorney for Mohammed Ali Yassine (4))


                              By:   /s/   Gregg Sofer_____
                                    Gregg Sofer
                                    Assistant United States Attorney