IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | Nos. A-12-CR-105- SS |
| MOHAMMED ALI YASSINE | § | |

**DEFENDANT'S PROPOSED JURY INSTRUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Steve Austin Yassine, the Defendant, by and through his undersigned counsel, and respectfully requests the following jury instruction be given.

I

Count II of the indictment, charging Steve Austin Yassine with money laundering, alleges more than one purpose for the money laundering offense, that is, that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the trafficking of narcotics in violation of Title 21, United States Code, Sections 841 (a)( 1) and 846.

The government is not required to prove each of the purposes alleged. It is sufficient for the government to prove, beyond a reasonable doubt, that Steve Austin Yassine committed a transaction for one of those purposes.

However, each of you must agree with each of the other jurors as to which purpose or purposes Steve Austin Yassine intended to serve by engaging in the alleged transaction. If you unanimously agree that Steve Austin Yassine committed the alleged transaction to conceal or disguise the nature, location, source, ownership or control of the proceeds of the trafficking of narcotics in violation of Title 21, United States Code, Sections 841 (a)(1) and 846, you may find the defendant guilty. You need not unanimously agree on each purpose, but, in order to convict, must unanimously agree upon at least one such purpose.

II

This is not the Fifth Circuit Pattern Charge on unanimity but is similar and is designed especially for this statutory offense.  This instruction is appropriate for the instant case and will guard against the accused being convicted even though the jurors might not agree in which way the statute was violated. See, *United States v. Navarro*, 145. F. 3d 580 (3rd Cir. 1998). The Commentary to Fifth Circuit Pattern 1.25 indicates when a unanimity charge should be given:

> …there are special circumstances creating a genuine risk that a conviction may occur as a result of different jurors concluding that the defendant committed different acts. See *Richardson v. United States*, 119 S.Ct. 1707 (1999); *United States v. Correa-Ventura*, 6 F.3d 1070 (5th Cir.1993), for discussion of when this instruction is required. See also *United States v. Meshack*, 225 F.3d 556 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 834 (2001), *amended on reh'g in part* 244 F.3d 367 (5th Cir. 2001), *petition for cert. filed*, (U.S. June 25, 2001) (No. 00-10499) (failure to instruct jury that it must unanimously agree as to mental state possessed by defendant charged with money laundering not plain error), *United States v. Narvez-Guerra*, 148 F.3d 530 (5th Cir.), *cert. denied*, 119 S.Ct. 601 (1998) (failure to give

specific unanimity instruction in case involving conspiracy to launder money not plain error), *United States v. Dillman*, 15 F.3d 384 (5th Cir.), *cert. denied*, 115 S.Ct. 183 (1994) (district court refusal to give specific unanimity instruction on conspiracy count not error); *United States v. Holley*, 942 F.2d 916 (5th Cir. 1991) (district court refusal to give specific unanimity instruction held to be reversible error).

Such circumstances exits in the instant case where the jury must consider the whether the elements of 18 U. S. C. 1956 (a)(3)(B) have been violated.

Leave is also requested to submit additional instructions if, during the course of the proceeding, they become appropriate

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON, P.C.
804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
FAX 473-8417
Texas Bar No. 15317000

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2012, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Gregg Sofer, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § | Nos. A-12-CR-105- SS |
| MOHAMMED ALI YASSINE | | |

ORDER ON DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

GRANTED   _____

GRANTED AS MODIFIED _____

DENIED _____

SIGNED AND ENTERED this _____ day of _____, 2012.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE